**Ingrid SHEAFE–CARTER,**
**Plaintiff–Appellant,**

v.

**Patrick DONAHOE, Postmaster**
**General, Defendant–**
**Appellee.\***

**No. 13–3350–cv.**

United States Court of Appeals,
Second Circuit.

Oct. 1, 2014.

Ingrid Sheafe–Carter, pro se, Columbia, SC, for Appellant.

Seth D. Eichenholtz (Varuni Nelson, Assistant United States Attorney, on the brief), Assistant United States Attorney, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellees.

\* The Clerk of Court is directed to amend the

PRESENT: REENA RAGGI, PETER W. HALL and GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

Plaintiff Ingrid Sheafe–Carter, proceeding *pro se,* appeals from the district court's grant of summary judgment in favor of defendant. We assume familiarity with the facts and underlying proceedings, which we reference only as necessary to explain our decision to affirm.

We review orders granting summary judgment *de novo* to determine whether, as the movant contends, there was no genuine issue as to any material fact such that the movant was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 300 (2d Cir.2003). We "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Lederman v. N.Y. City Dep't of Parks & Recreation,* 731 F.3d 199, 202 (2d Cir.2013) (alterations omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment. We affirm for substantially the same reasons stated by the district court in its thorough August 16, 2013 order. Sheafe-Carter failed to carry her *prima facie* burden to demonstrate either that she was capable of performing the essential functions of a mail caser, a job that required above-the-head lifting, or that she

official caption as shown above.

could do so with a reasonable accommodation. As this court has ruled, "[a] reasonable accommodation can never involve the elimination of an essential function of a job." *Shannon v. N.Y. City Transit Auth.,* 332 F.3d 95, 100 (2d Cir.2003).

We have considered Sheafe–Carter's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.